## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **THOMAS O'KEEFE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 7:20-cv-134** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

## I. INTRODUCTION

1.      This is an insurance coverage and bad faith case.  On April 20, 2020, Plaintiff Thomas O'Keefe ("Plaintiff") filed his Original Petition in Cause No. CC2-20-0137-CV (the "Removed Action") in the County Court at Law # 2 of Ector County, Texas, initiating a civil cause of action against State Farm.  Exhibit C.

2.      Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and State Farm.

3.      Plaintiff alleges multiple causes of action against State Farm related to its handling of a property insurance claim submitted to State Farm by Plaintiff, including breach of contract, breach of the common law duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act, and non-compliance with Chapters 541 and 542 of the Texas Insurance Code. Plaintiff seeks "monetary relief of $100,000 or less, including damages of any kind, penalties, costs,

expenses, or attorney fees." Exhibit C at ¶ IX.

4.     State Farm received the Citation and Plaintiff's Original Petition by certified mail on or about April 27, 2020.  State Farm filed its Original Answer to Plaintiff's Original Petition on May 15, 2020.  Exhibit E.

5.     State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which the Removed Action previously pended.

## II.     GROUNDS FOR REMOVAL

6.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete Diversity Exists Between the Viable Parties.

7.     According to Plaintiff's Original Petition, at the time the Removed Action commenced, Plaintiff is, and still is, domiciled in Ector County, Texas.  Exhibit C at ¶ V.  In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011).  A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change.  *Id.*  "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.*  (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.*  Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8.     State Farm Lloyds was, at the time the Removed Action was commenced, and still is, a citizen of Illinois.  State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of underwriters who were at the time

the Removed Action was commenced, and still are, all citizens of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Exhibit F.

**B.** **The Amount in Controversy Exceeds $75,000.**

9. Additionally, the amount in controversy on the claims asserted by Plaintiff exceeds $75,000. Plaintiff seeks "monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, or attorneys fee." Exhibit C at ¶ IX. Thus, should Plaintiff prevail on his claims herein, from the face of Plaintiff's pleadings, the damages potentially to be awarded exceed $75,000.

## III. VENUE

10. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the Removed Action previously pended, the County Court at Law Number 2 of Ector County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district and division.

## IV. PROCEDURAL REQUIREMENTS

11. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the Removed Action |
| C. | Plaintiff's Original Petition filed in the Removed Action on April 20, 2020 |
| D. | Citation to State Farm Lloyds filed in Removed Action on April 21, 2020 |
| E. | State Farm Lloyds Original Answer filed in Removed Action on May 15, 2020 |
| F. | Affidavit of Michael Roper |

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| **G.** | List of Counsel of Record |

12.     This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b).  There exists an actual and justiciable controversy between Plaintiff and State Farm with respect to the legal issues herein and this controversy is within the jurisdiction of this Court.

13.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the Removed Action are attached to this Notice.

14.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

15.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the County Court at Law Number 2 of Ector County, Texas promptly after filing of same.

Respectfully Submitted,

*/s/ W. Neil Rambin*
W. NEIL RAMBIN
State Bar No. 16492800
rambindocket@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on May 27, 2020.

*/s/ W. Neil Rambin*
W. NEIL RAMBIN